Agnes De Lima PAIVA; Anthony
Paiva, Plaintiffs–Appellants,

v.

COUNTRYWIDE HOME LOANS,
INC., Defendant–Appellee.

No. 01–16423.

D.C. No. CV–00–00130–SOM.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 5, 2002.*

Decided Dec. 9, 2002.

Before RYMER, THOMAS, and SILVERMAN, Circuit Judges.

MEMORANDUM**

Agnes and Anthony Paiva appeal the summary judgment entered in favor of

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

Countrywide Home Loans, Inc. and the district court's refusal to reconsider that ruling. The Paivas argue that the district court failed to review the evidence that Countrywide submitted which would, they contend, have shown a triable issue of fact as to whether each had received the number of copies of the Notice of Right to Cancel required by the Truth in Lending Act, 15 U.S.C. § 1635, 12 C.F.R. § 226.23(b)(1), whether there were mistakes in the financial disclosures, and whether they prematurely waived their right to rescind. We affirm.

Countrywide's motion for summary judgment was well-supported. The Pavias filed no opposition. Countrywide's evidence showed that the Pavias had acknowledged in writing that each had received two copies of the Notice of Right to Cancel and that they had signed the waiver of their right to rescind. They pointed to no evidence that they signed the waiver of their right to rescind on originals. No errors in the interest calculation, if any, were called to the district court's attention. In these circumstances, the district court appropriately found that Countrywide met its burden of establishing that no genuine issues of material fact exist. The district court had no obligation to scour the record for potential triable issues of fact to which it was not specifically referred. *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1028–29 (9th Cir.2001); *Forsberg v. Pac. N.W. Bell Tel. Co.*, 840 F.2d 1409, 1417–18 (9th Cir.1988); D. HAW. R. 56.1(f) (2002).

As the Pavias made no showing of "newly discovered" evidence, an intervening change in controlling law, or manifest errors of law or fact, the district court did

courts of this circuit except as provided by 9th Cir. R. 36–3.

* This disposition is not appropriate for publication and may not be cited to or by the courts

not abuse its discretion in declining to grant their motion pursuant to Fed. R.Civ.P. 59(e).

AFFIRMED.

of this circuit except as provided by Ninth Circuit Rule 36–3.